CHORPENNING, GOOD, CARLET &
GARRISON, ESQS.
Michael J. Zaretsky, Esq. - MZ7098
Eliott R. Good, Esq. (OH #0025635)
A. Dustin Mets, Esq. (OH #0069979)
645 Fifth Avenue - Suite 703
New York, New York 10022
Telephone: (212) 869-2147
Facsimile: (973) 777-0412
Attorneys for American Express Financial
Advisors, Inc

CV 04 1401

---

| | |
|---|---|
| AMERICAN EXPRESS FINANCIAL ADVISORS, INC., <br><br>Plaintiff,<br>-versus-<br>FRANK P. MARZANO,<br>Defendant. | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br><br>Civil Action No:<br><br>COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

WEXLER, J.

ORENSTEIN, M.

---

Plaintiff American Express Financial Advisors, Inc. ("AEFA" or the "Company"), by and through its undersigned counsel, by way of Complaint for Temporary Restraining Order and Preliminary Injunction against the Defendant, alleges as follows.[1]

1. Plaintiff AEFA is a foreign corporation duly organized and existing under the laws of the state of Delaware with its principal place of business in Minneapolis, Minnesota.

2. Defendant Frank P. Marzano ("Marzano") is, upon information and belief, a resident and citizen of Nassau County, New York.

---

[1] Pursuant to Rule 10335 of the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure, AEFA has simultaneously filed a Statement of Claim in the NASD Office of Dispute Resolution for all claims that are arbitrable between the parties.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1132 in that it is a civil action where the matter in controversy is between citizens of different states and the value of the interest sought to be protected by the injunctive relief requested exceeds $75,000.

4. At all times relevant hereto, Marzano conducted his business, including the business practices AEFA seeks to enjoin by the filing of this Complaint, in and around Nassau County, New York and as such, venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

5. Rule 10335 of the Procedural Rules National Association of Securities Dealers ("NASD") Rules provides that a party may seek temporary and preliminary injunctive relief from a court of competent jurisdiction without waiving any right to seek arbitration of a dispute before the NASD.

6. This court has jurisdiction over the subject matter of this case pursuant to Rule 65 of the Federal Rules of Civil Procedure and by agreement of the parties. In the American Express Financial Advisors Inc. Independent Advisor Business Franchise Agreement ("Franchise Agreement") between AEFA and Marzano the parties agreed that: "Nothing herein contained shall bar AEFA's right to obtain injunctive relief against conduct or threatened conduct that (i) will cause it loss or damage or (ii) violates the Terms of Special Regulatory Supervision or (iii) is in violation of AEFA's obligation to comply fully with government agency laws or regulations under the usual equity rules, including

the applicable rules to obtaining specific performance, restraining orders, and preliminary injunctions."

7. By filing this action, AEFA exercises a specific right of the contract and does not waive its right to arbitration of the merits of the dispute. This action is solely to seek a Temporary Restraining Order and Preliminary Injunction pending the Arbitration of the dispute as contemplated by NASD Rule 10335.

## SUMMARY OF CASE AND NATURE OF CLAIM

8. This Complaint is an action for preliminary injunctive relief and temporary restraining order, brought pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiff AEFA, seeks immediate injunctive relief in order to assure continued access to records and files that it is required by law, regulation and contractual obligation to supervise and have possession of.

9. Defendant Marzano's practices, described hereinbelow, are in direct violation of the provisions and rules agreed to and imposed upon him by SEC Rule, NASD Rule, and the various agreements he executed upon becoming a registered representative of AEFA, including the Franchise Agreement (the "Agreements").

10. AEFA, among other things, is engaged in the sale and servicing of financial products to the public, including but not limited to certificates, stocks, other securities and investments, insurance products and annuities and lending products. As such, it is a NASD member firm and is delegated with the responsibility for the supervision of its employees and Associated Persons in including registered representatives. NASD Rule 3010, et seq.

11. Pursuant to NASD Rule 1031, in order to engage in the investment banking or securities business for a NASD member firm, a representative must be registered by the NASD member firm. In or about July 2000, Marzano became a registered representative of AEFA and he ended his affiliation with AEFA by letter of resignation effective March 26, 2004.

12. At the time of his resignation, Marzano was under internal AEFA review for compliance violations. The AEFA internal review is still ongoing.

13. Pursuant to NASD Rule 3110(A) the obligation to preserve books, accounts, records, memoranda, and correspondence in conformity with all applicable laws, rules, and regulations is the obligation and duty of AEFA as the NASD member, not its associated persons or registered representative. It is the NASD member, AEFA, that must comply with the record keeping format, medium, and retention period set forth in SEC Rule 17a-4 regarding those records required to be made and preserved by SEC Rule 17a-3.

14. AEFA's obligation thereunder cannot be waived, assigned or terminated by contract. Regardless of who may purportedly "own" a client, AEFA is required by law and regulation to maintain possession of the original files. NASD Rule 3010(d); SEC Rule 17a-3; SEC Rule 17a-4.

15. The Franchise Agreement reflects this requirement in § 11: "All original books and records containing Client lists and/or information and transactions belong to AEFA and must be returned to AEFA upon termination or expiration of this agreement. . . ." Marzano has failed as of the filing of this Complaint to return these materials to AEFA.

It is believed that absent a TRO and/or preliminary injunction, Marzano will not return these materials.

16. This belief is borne out by the conduct of Marzano. He agreed in § 15 of the Franchise Agreement "to permit AEFA, the OSJ Branch Managers, AEFA's agents, and governmental and regulatory agencies required to have access by law (collectively, the "Inspectors") to enter upon the Premises at any time, with or without notice to Independent Advisor, during normal business hours for the purpose of conducting inspections to confirm compliance with the terms of this Agreement, the Manuals and Compliance Rules. . . ." This agreement simply restates the legal and regulatory obligations of a NASD member with regard to its supervisory obligations of its associated persons and registered representatives.

17. Marzano agreed but failed "to immediately cease to operate the Independent Financial Advisor Business and Independent Advisor agrees to not thereafter directly or indirectly represent to the public or hold himself or herself out as a present or former franchisee of AEFA."

18. Marzano agreed but has failed "to cease to use without limitation, all signs, advertising materials, displays, stationary, forms, products, and any other articles which display the Proprietary Marks.

19. Defendant agreed but failed "to immediately and permanently cease to use, in any manner whatsoever, any confidential methods, procedures, techniques associate with the System[2], the Proprietary Marks, and the distinctive forms, slogans, signs, symbols and

---

[2] Defined in the Franchise Agreement as:

5

devices associated with the System." This includes computers, software and the networks used in the System.

20. Marzano utilized the following addresses in conducting his Independent Financial Advisor Business (the "Business Locations").

21. Pursuant to the Franchise Agreement, Defendant was required to modify the locations from which he operated his AEFA business defined in the Franchise Agreement as Premises, to remove AEFA marks and materials and that he would "make such modifications or alterations to the Premises immediately upon termination".

22. Marzano has breached the Franchise Agreement because he failed to "immediately deliver to AEFA the Manuals and all other original records, including most recent financial plans and recommendations, computer databases and files, correspondence, and instructions containing confidential information relating to the System (and any copies thereof, including electronic or computer generated copies, even if such copies were made in violation of this Agreement), all of which are acknowledged to be the property of AEFA".

> A. Through its time, skill, effort and money, AEFA has developed a distincitive system that offeres, through financial advisors, a variety of finaicial services to individuals and/or business owners (the "System"). The finanical services include finaicial planning, investment advice and consulting services, lending services, and other related products and services provided or procured trhought AEFA and/or its affiliates or third parties (collectively, "Products and Services")
>
> B. The distinguishing characteristsics of the System include a well recongnized brand, distincite procducst and services, high level of secruirites and regulaotry compliance, the hiests standards of sucstomer service and quality advice, inlcuding finaical planning, administrative procedures provideing superior cusomter service, including consolidated statements, orientation programs, adverstising and promotional programs, and direct marketing services, telemarketing and on-line services directed to clients, all of which may be changed, improved and further developed by AEFA from time to time.
>
> C. The System is identified by trade names, services marks, trademarks, logos, emblems, and indicia or origin, including the mark "American Express." (the "Proprietary Marks").

23. Marzano, directly and indirectly has prevented the immediate return of all Client records.

24. Marzano agreed that the immediate return of the originals of all Client records, including records containing Client lists and/or information to AEFA was "To satisfy regulatory requirements" (Franchise Agreement § 18 ).

25. Marzano has breached the Franchise Agreement because he has failed to "immediately cease using any telephone number used by Independent Advisor in the Independent Financial Advisor Business," despite the Agreement's requirement that he do so.

26. Marzano agreed but failed "to immediately (i) discontinue use of any computer software developed for the System or AEFA, (ii) deliver to AEFA all such computer software."

### TO CEASE AND DESIST AND TO AVOID LIABILITY

27. AEFA restates and realleges the allegations contained in paragraphs 1 through 26 of the Complaint as if set forth at length herein.

28. Upon information and belief, Defendant is continuing to engage in the actions asserted hereinabove.

29. Upon information and belief, Defendant will continue, unless a Preliminary Injunction is issued by the court, to engage in the actions asserted hereinabove and further breach the Franchise Agreement.

---

(Franchise Agreement, Recitals at 1).

30. Unless a temporary Preliminary Injunction is issued by the court, AEFA may be exposed to various violations of State, Federal and regulatory requirements regarding the supervision of advisors and compliance investigation and reporting.

31. The actions of the Defendant have immediately and irreparably injured and damaged AEFA by exposing it to fines, suit, regulatory repercussions, harm to reputation, and loss of goodwill.

32. AEFA will suffer further immediate and irreparable injury if a temporary restraining order is not issued.

33. AEFA is entitled to a temporary restraining order against Defendant to prevent any further violations or breach of the Franchise Agreement.

34. AEFA has no adequate remedy at law.

## PRELIMINARY INJUNCTION

35. AEFA restates and realleges the allegations contained in paragraphs 1 through 34 of the Complaint as if set forth at length herein.

36. Defendant knowingly and repeatedly acted in violation of and in breach of the Franchise Agreement.

37. Upon information and belief, Defendant will continue, unless a preliminary injunction is issued by the Court, to engage in activities in violation of and in breach of the Franchise Agreement and will continue to cause irreparable harm to AEFA.

38. The damage caused by the Defendant activities is ongoing and compounding.

39. AEFA has no adequate remedy at law.

WHEREFORE, AEFA demands the following relief:

1. A judgment temporarily restraining Defendant from breaching the Franchise Agreement pending a hearing on Plaintiff's request for Preliminary Injunction that:

   a) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, representing to the public or to hold himself out as a present or former franchisee of AEFA.

   b) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, using without limitation, all signs, advertising materials, displays, stationary, forms, products, and any other articles which display the Proprietary Marks of AEFA.

   c) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, failing to comply with his contractual duty to make such modifications or alterations to his business premises, 30 Main Street, Port Washington, New York, to distinguish it from that of an AEFA Independent Financial Advisor Business premises.

   d) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, using the telephone numbers, which were used by Defendant in his Independent Financial Advisor Business.

   e) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, in any manner whatsoever, using the confidential methods, procedures, techniques, symbols or devices of AEFA.

   f) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, using any computer software developed for the AEFA System and requiring Defendant to deliver to AEFA all such computer software.

   g) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, keeping the originals of all Client records and files, including records containing Client lists and/or information and upon entry of this order Defendant shall assist AEFA as necessary to allow AEFA to take possession and control of the same.

   h) Defendant, and all those acting in concert with him, be and hereby are restrained and enjoined from, directly or indirectly, keeping the Manuals and all other original records, including most recent financial plans and recommendations, computer databases and files, correspondence, and instructions containing confidential information relating to the AEFA System (and any copies thereof, including electronic or computer generated copies, even if such copies were made in violation of the Franchise Agreement) and upon entry of this order Defendant shall assist AEFA as necessary to allow AEFA to take possession and control of the same.

2. A judgment preliminarily enjoining Defendant from breaching the Franchise Agreement pending an NASD Arbitration on the merits of the dispute as follows:

a) Preliminarily restraining and enjoining Defendant from, directly or indirectly, representing to the public or to hold himself out as a present or former franchisee of AEFA.

b) Preliminarily restraining and enjoining Defendant from, directly or indirectly, using without limitation, all signs, advertising materials, displays, stationary, forms, products, and any other articles which display the Proprietary Marks of AEFA.

c) Preliminarily restraining and enjoining Defendant from, directly or indirectly, failing to comply with his contractual duty to make such modifications or alterations to his business premises, 30 Main Street, Port Washington, New York, to distinguish it from that of an AEFA Independent Financial Advisor Business premises.

d) Preliminarily restraining and enjoining Defendant from, directly or indirectly, using the following telephone numbers, which were used by Defendant in his Independent Financial Advisor Business.

e) Preliminarily restraining and enjoining Defendant from, directly or indirectly, using, in any manner whatsoever, the confidential methods, procedures, techniques, symbols or devices of AEFA.

f) Preliminarily restraining and enjoining Defendant from, directly or indirectly, using any computer software developed for the AEFA System and requiring Defendant to deliver to AEFA all such computer software.

g) Preliminarily restraining and enjoining Defendant from, directly or indirectly, keeping the originals of all Client records and files, including records containing Client lists and/or information and transactions and upon entry of this order Defendant shall assist AEFA as necessary to allow AEFA to take possession and control of the same.

h) Preliminarily restraining and enjoining Defendant from, directly or indirectly, keeping and requiring Defendant to deliver to AEFA the Manuals and all other original records, including most recent financial plans and recommendations, computer databases and files, correspondence, and instructions containing confidential information relating to the the AEFA System (and any copies thereof, including electronic or computer generated copies, even if such copies were made in violation of the Franchise Agreement) and upon entry of this order Defendant shall assist AEFA as necessary to allow AEFA to take possession and control of the same.;

3. Such other and further equitable relief, as the Court deems just and proper to award;

4. Costs and reasonable attorney's fees.

Respectfully Submitted,

Dated April 2, 2004

MICHAEL L. ZARETSKY (MZ 7098)
CHORPENNING, GOOD, CARLET &
GARRISON
645 Fifth Avenue, Suite 703
New York, New York 10022
Tel: 212.869.2147
Fax: 973.777.0412

ELIOTT R. GOOD, Esq. (EG5275)
A. DUSTIN METS, Esq. (AM3145)
77 East Nationwide Boulevard
Columbus, Ohio 43215
Tel: 614.469.1301
Fax: 614.469.0122

Attorneys for Plaintiff